DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CURTIS HAMPTON** and **LINDA HAMPTON,** his wife,
Appellants,

v.

**FLORIDA MUNICIPAL INSURANCE TRUST,**
Appellee.

No. 4D13-3659

[December 17, 2014]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Mily Rodriguez-Powell, Judge; L.T. Case No. 12010607 (03).

Nancy Little Hoffmann of Nancy Little Hoffmann, P.A., and Robert J. McFann of McFann and Beavers, P.A., Fort Lauderdale, for appellants.

E. Bruce Johnson and Scott D. Alexander of Johnson, Anselmo, Murdoch, Burke, Piper & Hochman, P.A., Fort Lauderdale, for appellee.

PER CURIAM.

We affirm the final declaratory judgment determining that the Florida Municipal Insurance Trust ("FMIT") agreement with its member, City of Plantation, provided excess insurance and not primary insurance for automobile accidents. Thus, it was not required to include uninsured motorist protection as part of its provisions. *See* § 627.727(2), Fla. Stat (2011). The insuring agreement was modified by a "Specific Excess Endorsement Self-Retention Members – Automobile Liability," which provided for a retention limit of $200,000 by the member. The terms of the endorsement provided that the member would not only cover claims within that limit but would provide for its own defense of such matters, although it could contract with FMIT to provide a defense and reimburse it for its expense. This self-retained limit is not like a deductible but is in fact self-insurance to the extent of the retained limit of $200,000.[1] Thus,

---

[1] For this reason, the reference in a footnote in *Vigilant Insurance Co. v. Continental Casualty Co.*, 33 So. 3d 734, 735 n.1 (Fla. 4th DCA 2010), that a self-

it becomes the primary layer of exposure, with the FMIT policy providing excess coverage over the self-retained limit. As an excess policy, FMIT's obligation under section 627.727(2), Florida Statutes (2011), was to offer UM coverage at the time the trust was initially created, which it did.

*Affirmed.*

WARNER, LEVINE and CONNER, JJ., concur.

\*        \*        \*

***Not final until disposition of timely filed motion for rehearing.***

---

retained limit is comparable to a deductible, although merely dicta, is not a good comparison and certainly not accurate as applied to the policy in this case.